# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

MICHAEL BROWN,          )
                              )
          Petitioner,      )
                              )
      v.                  )         No. 4:11CV1211 TCM
                              )
TOM VILLMER,          )
                              )
          Respondent.     )

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's petition for writ of habeas corpus. After reviewing the case, the Court has determined that petitioner is not entitled to relief as the specific grounds outlined in his petition are not cognizable under habeas corpus. Moreover, even if petitioner could attain relief under habeas corpus, his petition would have to be summarily dismissed due to petitioner's failure to exhaust his administrative remedies.

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] In his petition, petitioner alleges that he was undergoing substance abuse treatment at Farmington Correctional Center in May of this year. He claims that a

---

[1] The Court notes that because petitioner is a state prisoner, his petition should have been brought under 28 U.S.C. § 2254 rather than 28 U.S.C. § 2241. See Wayne v. Missouri Bd. of Prob. and Parole, 83 F.3d 994, 995 (8th Cir. 1996).

correctional officer at Farmington alleged that he had assaulted her and gave him a conduct violation. Petitioner asserts that during a disciplinary hearing in June, he was found guilty of the conduct violation and subsequently placed in administrative segregation. Petitioner claims that as a result of being found guilty of the conduct violation his participation in the substance abuse treatment program was terminated. Petitioner claims that because he was not able to complete the substance abuse treatment program, his conditional release date of July 14, 2011 has been moved back. Petitioner admits that he has not grieved the issues related to his loss of the conditional release date or pursued his state court remedies with respect to the same.

## Discussion

Under 28 U.S.C. § 2254(a), a district court may only entertain a petition for writ of habeas corpus if the petitioner "is in custody in violation of the Constitution or laws or treaties of the United States." In other words, grounds that do not state a denial of a constitutional issue are not cognizable in a federal habeas petition. E.g. Gee v. Groose, 110 F.3d 1346, 1351-52 (8th Cir.1997). The instant petition, relating to "good time credits" and/or "early release" as a result of participation in a substance abuse treatment program does not state a denial of a constitutional issue cognizable in this proceeding.

"There is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." <u>Greenholtz v. Inmates of Nebraska Penal and Correctional Complex</u>, 442 U.S. 1, 12 (1979). A state's parole statutes and regulations, however, may create a liberty interest that is entitled to protection. <u>Id.</u> at 12; <u>Marshall v. Mitchell</u>, 57 F.3d 671, 672 (8th Cir. 1995). The United States Court of Appeals for the Eighth Circuit has examined this issue and has determined that the "Missouri statutes . . . do not create a liberty interest protected by the due process clause of the Fourteenth Amendment." <u>Marshall</u>, 57 F.3d at 672. Additionally, the Missouri parole guidelines are not mandatory. <u>See</u> 14 Mo. C.S.R. 80-2.020(1) ("Parole guidelines indicate the customary range of time to be served before release for various combinations of offense seriousness and offender characteristics and sentence length. Mitigating or aggravating circumstances may warrant decisions outside the guidelines."). So, the parole guidelines do not create a constitutionally protected liberty interest such that petitioner would be entitled to relief on his habeas petition. <u>See</u> <u>also</u>, <u>Rentschler v. Nixon</u>, 311 S.W.3d 783 (Mo. 2010).

Even if petitioner's argument was cognizable under § 2254, his petition would still be subject to dismissal. In the absence of exceptional circumstances, a state prisoner must exhaust currently available and adequate state remedies before invoking federal habeas corpus jurisdiction. <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>,

410 U.S. 484 (1973). Missouri law provides at least three distinct avenues for challenging a parole decision: by bringing a declaratory action against the Board, by filing a state petition for habeas corpus, or by filing a petition for writ of mandamus. <u>Wayne</u>, 83 F.3d at 996-97. Petitioner did not exhaust any available state remedies before bringing this action. As a result, the Court will dismiss the petition without prejudice.

For the aforementioned reasons petitioner's application for writ of habeas corpus should be dismissed. Additionally, the Court finds that petitioner has failed to make a substantial showing of the denial of a constitutional right. In consequence, the Court will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed in forma pauperis [#2] is **GRANTED**.

**IT IS FURTHER ORDERED** that petitioner's petition for writ of habeas corpus is **DISMISSED** without prejudice.

Dated this <u>28th</u> day of July, 2011.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE